IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-62,807-03






EX PARTE WAYNE SMITH, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W00-54457-S(B) IN THE 282ND DISTRICT COURT


FROM DALLAS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to of delivery of a
controlled substance and was sentenced by a jury to life imprisonment. The Fifth Court of Appeals
affirmed his conviction. Smith v. State, No. 05-02-00747-CR (Tex. App. - Dallas, February 11,
2004, pet re'd).

 Applicant initially filed this application in the district court on June 4, 2008. On July 2,
2008, and November 3, 2009, Applicant filed amendments to the application raising additional
grounds for review. In the initial application, Applicant alleges that his sentence is excessive and
disproportionate. In the first amended application, Applicant alleges that he is actually innocent of
the offense, although he presents no newly discovered evidence to support this claim. In the second
amended application, Applicant raises four grounds alleging that he was improperly denied release
to parole.

 On April 6, 2012, the trial court entered findings of fact and conclusions of law, addressing
the grounds raised in the initial and first amended applications. The trial court concludes that the
grounds are barred from review under Article 11.07, Section 4 of the Texas Code of Criminal
Procedure. Those grounds are therefore dismissed. The trial court's findings and conclusions do
not address the parole claims raised in Applicant's second amended application. This Court has
reviewed the grounds raised in Applicant's second amended application relating to the denial of
parole, and has determined that they are without merit. Those grounds are therefore denied. 



DELIVERED: May 9, 2012 

DO NOT PUBLISH